*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2003 FED App. 0044P (6th Cir.)
File Name:  03a0044p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

NIKOLAUS KOLLING, et al.,
 *Plaintiffs-Appellants,*

 *v.*

No. 01-2117

BLUE CROSS & BLUE SHIELD
OF MICHIGAN,
 *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-75505—Lawrence P. Zatkoff, Chief District Judge.

Argued:  January 30, 2003

Decided and Filed:  February 7, 2003

Before:  MARTIN, Chief Circuit Judge; MERRITT and
LAY, Circuit Judges.

_____

[*] The Honorable Donald P. Lay, Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

------------------

## COUNSEL

------------------

**ARGUED:** Blake P. Lipman, LAW OFFICES OF JOEL KAUFMAN, Farmington Hills, Michigan, for Appellants. Leo A. Nouhan, BLUE CROSS & BLUE SHIELD OF MICHIGAN, Detroit, Michigan, for Appellee. **ON BRIEF:** Blake P. Lipman, Joel H. Kaufman, LAW OFFICES OF JOEL KAUFMAN, Farmington Hills, Michigan, for Appellants. Leo A. Nouhan, Colleen C. Cohan, BLUE CROSS & BLUE SHIELD OF MICHIGAN, Detroit, Michigan, for Appellee.

------------------

## OPINION

------------------

BOYCE F. MARTIN, JR., Chief Circuit Judge. The appellants in this case are a group of participants in separate employee-sponsored health benefit plans. Under certain circumstances with each plan, payments for speech therapy benefits are allowed. The health care benefit plans are administered or underwritten by Blue Cross & Blue Shield of Michigan. A number of claims have been submitted to Blue Cross seeking the payment of speech therapy benefits given to named minor children. The appellants claim that Blue Cross has denied reimbursement coverage for speech therapy provided to a number of the children of the appellants.

The complaint was originally filed in Michigan state court but removed to federal court under the theory it was preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). Certain of the claims in the originally-removed complaint were remanded to the state court by the district court, and only those under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), were retained by the federal district court.

Upon entry of the above-referenced order, Blue Cross Michigan moved to dismiss the claims. This motion was filed under Fed. R. Civ. P. 12(b), stating that there was a failure to state a claim upon which relief could be granted. The basis for this motion was our *en banc* decision in *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997). Our decision in *Parker* is dispositive of the appellants' claims. In *Parker*, an insurance company was sued under the ADA by a participant of an employer-sponsored long-term disability plan. The employer provided the disability insurance to its employees as a fringe benefit. The insurance company sold the policy to the employer. The employee alleged that the disability plan sold by the insurance company allowed greater disability coverage for physical disorders than for mental or nervous disorders. The plaintiff claimed that this amounted to a disability-based distinction that violated the ADA. In affirming the district court's dismissal of the plaintiff's claim under Title III, the *en banc* court in *Parker* held that the contents of insurance policies are not governed by Title III of the ADA. A benefit plan offered by an employer, like those health care benefit plans covering the appellants in the present case, is not goods offered by a place of public accommodation. The appellants did not obtain their health care coverage directly from Blue Cross Michigan nor did they buy their respective policies from an insurance office. Rather, they obtained their benefits through their employer. Thus, there is no nexus between the disparity in benefits and the services which Blue Cross Michigan offers to the public from its office. A public accommodation is limited to a physical place and cannot be applied to the contents of employer-furnished benefit plans.

The district court dismissed the claim of appellants under Rule 12(b)(6). We agree and AFFIRM.